NAOMI JANE GRAY (SBN 230171)
ngray@shadesofgray.law
SHADES OF GRAY LAW GROUP, P.C.
100 Shoreline Highway, Suite 100B
Mill Valley, CA 94941
Telephone: (415) 746-9260
Facsimile: (415) 508-3004

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AIMEE ALLISON,<br><br>                    Plaintiff,<br><br>     v.<br><br>TERRI J. VAUGHN, TYLER VISION LLC, NETFLIX, INC., and DOES 1-25,<br><br>                    Defendants. | **Case No. 2:25-cv-04476**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aimee Allison, by and through her attorneys, Shades of Gray Law Group, P.C., alleges as follows:

## JURISDICTION AND VENUE

1. This case arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 1338, and 1367.

2. The Court has personal jurisdiction over Netflix Inc. ("Netflix") because it is headquartered in California and does business in the State of California.

3. The Court has personal jurisdiction over Terri J. Vaughn ("Vaughn") and Tyler Vision LLC ("Tyler Vision") because, on information and belief, they conduct or have conducted business, as well as advertised their products and services, in the State of California and within this judicial district, and the effects of those acts have been felt in this district. Moreover, Vaughn expressly aimed her conduct at the State of California knowing that it would have the effect of injuring Allison in California.

4. Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred. Additionally, Defendants Netflix and Tyler Vision may be found in this District and are deemed to reside in the District under 28 U.S.C. § 1391(c).

## PARTIES

5. Aimee Allison is an individual residing in California.

6. On information and belief, Netflix, Inc. is a Delaware corporation headquartered in Los Angeles, California.

7. On information and belief, Tyler Vision, LLC is a Georgia corporation headquartered in Lawrenceville, Georgia and with an address in Los Angeles, California.

8. On information and belief, Terri J. Vaughn is an individual residing in Georgia.

9. Does 1-25 are entities or individuals whose names and identities Allison does not presently know, but who, on information and belief, committed or facilitated the trademark infringement or other acts or omissions alleged here. Allison will add the names and identities of these Doe defendants when she learns them.

10. On information and belief, in committing the acts or omissions alleged in this complaint, each defendant conspired with, aided and abetted, or acted in concert with each other, and each acted as the agent of each other.

## FACTUAL ALLEGATIONS

### Allison Founds SHE THE PEOPLE

11. Aimee Allison is a nationally recognized award-winning leader and voice speaking on behalf of women of color in leadership, democracy, and American politics. She founded and serves as president of She The People Storied c/o PowerPac Foundation ("STP"), a national organization that elevates the political voice of women of color as leaders of a new political and cultural era.

12. Allison owns the following U.S. Trademark Registrations and Applications for the SHE THE PEOPLE trademark:

| Registration No. | Application Serial No. | Class | Goods and Services |
|---|---|---|---|
| 5877967 (incontestable) (the "'967 Registration") | | 35 | Providing information, news, and commentary in the field of politics; Providing a website featuring information about political issues |

| Registration No. | Application Serial No. | Class | Goods and Services |
|---|---|---|---|
| 5877966 (incontestable) (the "'966 Registration") | | 41 | On-line journals, namely, blogs featuring information about politics; Educational services, namely, conducting conferences in the field of politics |
| | 98725268 | 9 | Downloadable podcasts in the field of politics; Production of podcasts |
| | 97768645 | 16 | Printed books in the field of race, politics and women's leadership |

13. Since at least 2018, Ms. Allison has used the SHE THE PEOPLE mark continuously and prominently to identify and distinguish her nationally recognized work to advance the political voice, leadership, and influence of women of color. Under this mark, Ms. Allison launched the first national summit centering women of color in politics in 2018, convened the first presidential forum focused on women of color in 2019, and has continuously used the mark across major media, philanthropic, and civic platforms.

14. On September 20, 2018, Allison convened SHE THE PEOPLE, the first-ever national summit focused on women of color in politics, held in San Francisco. Over 600 attendees from 36 states participated, including elected officials, activists, and emerging leaders. Speakers included Congresswoman

Barbara Lee, Dolores Huerta, Alicia Garza, and newly elected trailblazing candidates like Deb Haaland and Rashida Tlaib. The event was extensively covered in the San Francisco Chronicle and marked the public debut of the SHE THE PEOPLE mark as a national political force.

15. Allison convened the SHE THE PEOPLE Presidential Forum at Texas Southern University in April 2019. Eight Democratic presidential candidates—including Senators Kamala Harris, Elizabeth Warren, Cory Booker, and Bernie Sanders—participated. The forum received national coverage in MSNBC, NPR, *The Guardian*, *The Hill*, and *Politico*, and was the first event of its kind to center the political priorities of women of color.

16. During the 2020 presidential election cycle and the following years, SHE THE PEOPLE served as a key thought leadership platform informing political narratives through town halls, organizing tours, and media contributions. Allison published op-eds as Founder and President of SHE THE PEOPLE. She was featured in *The New York Times*, *The Washington Post*, *Essence*, *Newsweek*, *The Guardian*, and *Teen Vogue*. The name SHE THE PEOPLE has become widely associated with political analysis and organizing in service of women of color.

17. In partnership with Design Observer, Ms. Allison launched a podcast under the SHE THE PEOPLE mark, deepening the public's association of the trademark with multiracial democracy, electoral power, and women of color leadership. Guests have included prominent scholars, journalists, and organizers, reinforcing the brand's standing in political, academic, and cultural spaces. Episodes have featured Tansy McNulty of 1 Million Madly Motivated Moms; civil rights lawyer and activist Maya Wiley; Texas Woman's University's Christina Bejarano; The Ohio State University's Dr. Wendy Smooth; the Kamala Harris Project; California Congresswoman Barbara Lee;

1  Saru Jayaraman, the founder and president of One Fair Wage; and many more
2  speakers and topics relating to women of color in politics.
3       18.    SHE THE PEOPLE remains active and widely referenced in
4  national political discussions. Currently, the organization SHE THE PEOPLE is
5  a national partner of the State of the People national tour from May to June 2025
6  and Juneteenth convening, with Ms. Allison serving on its national organizing
7  committee. SHE THE PEOPLE is cited by elected officials, journalists, and
8  philanthropic partners as a movement-defining entity. It is also used in keynote
9  addresses, speaking engagements, and policy events. The trademark SHE THE
10 PEOPLE continues to appear in conjunction with community organizing efforts
11 and public education around race, gender, and democracy.
12      19.    Ms. Allison's activism under the SHE THE PEOPLE mark has
13 been widely recognized and acclaimed by national media outlets, including
14 *Politico*, *The Los Angeles Times*, *Axios*, *The Atlantic, Essence*, *yes!* Magazine;
15 *The Nation*, and more.
16      20.    Relevant consumers closely associate the SHE THE PEOPLE mark
17 with Ms. Allison's work, and recognize the mark as her distinctive and
18 influential brand. Ms. Allison's writings, commentary, and advocacy under the
19 mark have been featured in *The New York Times*, *The Guardian*, Black
20 Entertainment Television, *The Grio*, *Newsweek*, *Politico*, *Essence*, *Teen Vogue*,
21 *Essence, Democracy Journal,* and many more.
22      21.    Ms. Allison also produces the national podcast SHE THE PEOPLE
23 focused on the power of our multiracial democracy, led by women of color. And
24 she has used the mark in connection with a voter engagement tour and numerous
25 high-profile speaking appearances. There is no ambiguity among members of
26 the public about the source of this mark and the movement it represents.
27      22.    Ms. Allison's consistent use of the SHE THE PEOPLE mark over
28 nearly a decade has created strong public association between the name and her

work. The mark is recognized nationally and internationally as a platform and brand synonymous with leadership development, electoral influence, and cultural storytelling by and for women of color. As such, any unauthorized use of the SHE THE PEOPLE violates her valuable trademark rights and creates confusion in the public sphere. It also undermines the brand integrity and the years of investment made to establish the mark's reputation and influence.

### Allison and STP Retains Defendant Vaughn's Company to Produce a Documentary About Women of Color in Politics Titled SHE THE PEOPLE

23. In 2020, Allison and STP retained Nina Holiday Entertainment, Inc. ("NHE") to produce a proposed documentary series about women of color in politics. On information and belief, at all relevant times Vaughn was a principal of NHE.

24. Vaughn worked directly with Allison on this project. Among other things, Vaughn worked with Allison to develop themes for the documentary, arrange and conduct interviews with subjects, and prepare pitch decks to promote and seek funding for the documentary.

25. With Allison's consent as owner of the SHE THE PEOPLE mark, the documentary series was to be titled "She the People." STP and NHE executed a contract providing that all intellectual property associated with the documentary, including trademarks, would be owned by STP.

### Defendants Vaughn and Tyler Vision Produce a Netflix Series About a Woman of Color in Politics Titled "She The People"

26. Accordingly, it came as a shock to Allison when she recently learned that Vaughn, together with Defendant Tyler Vision, is executive producing and starring in a series to be streamed by Netflix (the "Series") titled "She The People" (the "Infringing Mark"), focused on a fictional Black lieutenant governor of Mississippi and her efforts to "shine in politics" despite,

1 among other things, a "boss who's stuck in the past" (presumably the white male
2 governor identified as a character in the credits).

3     27.    The Series echoes many of the same themes regarding Black
4 women's experiences in politics that Ms. Allison addresses through her activism
5 under the SHE THE PEOPLE mark, albeit in a slightly different format. With a
6 lighthearted and comedic touch, the Series trailer (the "Trailer") shows the
7 newly-elected lieutenant governor confronting a number of issues likely to
8 resonate with women of color: encountering a Confederate symbol in her
9 official residence; facing restrictions on her authority that were not imposed on
10 her (presumably white) predecessors; being told by the governor to be "a good
11 girl" and sensing that he "doesn't think [she's] qualified"; receiving
12 encouragement from a peer that "when you want something and you've earned
13 something you fight for it"; and giving a speech in which she states that it is her
14 "heart's desire to do what is best for those who are overlooked." Text pops up
15 towards the end of the trailer that reads: "She's NOT ONE OF THEM."

16     28.    The Trailer appears on Netflix's streaming platform and YouTube
17 channel, and Netflix is actively promoting the Series.

18     29.    On information and belief, Netflix intends to release the Series to
19 the public on or about May 22, 2025.

20 **<u>Tyler Vision Seeks to Register the Infringing SHE THE PEOPLE Mark</u>**

21     30.    On September 28, 2024, Defendant Tyler Vision filed U.S.
22 Trademark Application Serial No. 98775803 to register the Infringing Mark in
23 connection with "Entertainment services in the nature of a television series in
24 the field of drama; Entertainment services, namely, an ongoing series featuring
25 live action drama and comedy provided through broadcast, cable, and satellite
26 television, and via the internet."

27     31.    In that application, Tyler Vision stated that it had a "a bona fide
28 intention to use the mark in commerce and had a bona fide intention to use the

7

Complaint      Case No. 2:25-cv-04476

1 | mark in commerce as of the application filing date on or in connection with the
2 | goods/services in the application."

3   32.   On information and belief, Tyler Vision serves as the production company behind the Series, and the Application relates to the Series.

33. On information and belief, Tyler Vision intends to use the Infringing Mark as a trademark to identify the source, sponsorship, or affiliation of the Series.

34. On April 16, 2025, the U.S. Patent and Trademark Office issued an Office Action refusing registration of the Infringing Mark because of a likelihood of confusion with Allison's '966 and '967 Registrations.

35. The use of the Infringing Mark in connection with the Series is highly likely to confuse relevant consumers as to source, sponsorship, or affiliation.

36. The Infringing Mark is identical to Allison's SHE THE PEOPLE Mark.

37. The Series, and the services claimed in the Application, are closely related to the goods and services provided by Allison because entertainment companies provide TV series, political news, and websites featuring information on politics under the same mark.

38. Moreover, the parties' services are likely to appeal to an overlapping audience—those interested in the issues facing women of color in American politics.

39. Allison is being, and will be, irreparably injured and damaged by Defendants' foregoing acts, and unless enjoined by the Court, Allison will suffer further harm to the SHE THE PEOPLE mark and goodwill. This harm constitutes an injury for which Allison has no adequate remedy at law.

# FIRST CAUSE OF ACTION
# FEDERAL TRADEMARK INFRINGEMENT
# AGAINST ALL DEFENDANTS
# 15 U.S.C. § 1114

40. Allison realleges and incorporates by reference the allegations of paragraphs 1-39 above.

41. On information and belief, Defendants were aware of Allison's SHE THE PEOPLE trademark before engaging in the infringing acts alleged in this Complaint.

42. Defendants either had actual knowledge, or had constructive notice, of Allison's ownership and federal registration of the SHE THE PEOPLE mark.

43. Defendants are using, and intend to use, the SHE THE PEOPLE mark in connection with the Series without Allison's consent, and with knowledge of Allison's rights.

44. Defendants' unauthorized use of the SHE THE PEOPLE mark falsely indicates to consumers that the parties are sponsored by, affiliated with, or related to each other.

45. Defendants' unauthorized use of the SHE THE PEOPLE mark is also likely to cause consumers to be confused as to the source, nature, and quality of the parties' goods and services.

46. Defendants' unauthorized use of the SHE THE PEOPLE mark deprives Allison of the ability to control consumer perception of the quality of the goods marketed under the SHE THE PEOPLE mark, deprives Allison of the ability to license and fully commercially exploit her mark, and places Allison's valuable reputation and goodwill in the hands of Defendants, over which Allison has no control.

47. Defendants have caused and are likely to cause further confusion, or to cause mistake, or to deceive consumers or potential consumers in violation

of 15 U.S.C. § 1114. Allison has been, is now, and will be irreparably injured and damaged by Defendants' trademark infringement, and unless enjoined by the Court, Allison will suffer further harm to the SHE THE PEOPLE name, reputation and goodwill. This harm constitutes an injury for which Allison has no adequate remedy at law.

48. Defendants' actions described above are deliberate, willful, and constitute a knowing violation of Allison's rights. Allison is therefore entitled to recover three times the amount of her actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY TRADEMARK INFRINGEMENT
## AGAINST VAUGHN AND TYLER VISION

49. Allison realleges and incorporates by reference the allegations of paragraphs 1-48 above.

50. On information and belief, Vaughn and Tyler Vision knew, or had reason to know, of Allison's SHE THE PEOPLE mark before Defendants produced the Series.

51. On information and belief, Vaughn and Tyler Vision either had actual notice and knowledge, or had constructive notice, of the ownership and application for federal registration of the SHE THE PEOPLE mark by Allison before the Series was created, promoted, and the Trailer was released.

52. Tyler Vision and Netflix are using the SHE THE PEOPLE trademark in connection with the Series without Allison's consent, and with knowledge of Allison's rights.

53. On information and belief, Vaughn and Tyler Vision conceived and promoted the Series to Netflix with the intent that Netflix would distribute the

Series to the public. On information and belief, Vaughn and Tyler Vision intentionally induced Netflix to infringe Allison's trademark.

54. The actions of Vaughn and Tyler Vision described above are deliberate, willful, and constitute a knowing violation of Allison's rights. Vaugh and Tyler Vision have realized and continue to realize profits and other benefits rightfully belonging to Allison. Allison has suffered and will continue to suffer severe and irreparable damage as a result of the actions of Vaughn and Tyler Vision. Accordingly, Allison seeks an award of damages in an amount to be determined. Allison also seeks preliminary and permanent injunctive relief, restraining Defendants from further violating her trademarks.

**THIRD CAUSE OF ACTION
FALSE DESIGNATION OF ORIGIN
AGAINST ALL DEFENDANTS
15 U.S.C. § 1125(A)**

55. Allison realleges and incorporates by reference the allegations of paragraphs 1-54 above.

56. Defendants' unauthorized use of the SHE THE PEOPLE trademark falsely suggests that the parties' products are connected with, sponsored by, affiliated with, or related to each other, and constitutes a false designation of origin under 15 U.S.C. § 1125(a).

57. Allison has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, Allison will suffer further harm to the SHE THE PEOPLE name, reputation and goodwill. This harm constitutes an injury for which Allison has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**COMMON LAW PASSING OFF AND UNFAIR COMPETITION**
**AGAINST ALL DEFENDANTS**

58. Allison realleges and incorporates by reference the allegations of paragraphs 1-57 above.

59. Defendants' unauthorized use of the SHE THE PEOPLE trademark constitutes passing off and unfair competition of the mark in violation of the common law of California.

60. Defendants' wrongful acts have caused and will continue to cause Allison irreparable harm.

61. Allison has no adequate remedy at law.

62. Allison is entitled to a judgment enjoining and restraining Defendants from engaging in further acts of infringement and unfair competition.

**FIFTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**CAL. BUS. PROF. CODE 17200 et seq.**

63. Allison realleges and incorporates by reference the allegations of paragraphs 1-62 above.

64. Defendants' acts described above constitute unfair competition in violation of California Business and Professional Code § 17200 et seq. (the "Unfair Practices Act"). The Unfair Practices Act provides that unfair competition shall mean and include any "unlawful, unfair or fraudulent act or practice."

65. Defendants have engaged in unlawful conduct which constitutes unfair competition.

66. These practices include, but are not limited to, (1) engaging in direct and contributory trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114 and 1125; and (2) passing off the SHE THE PEOPLE mark in violation of the common law of California.

67. Defendants' acts of unfair competition have caused and will continue to cause Allison irreparable harm. Allison has no adequate remedy at law for Defendants' unfair competition.

## PRAYER FOR RELIEF

Allison prays for judgment on each cause of action against the defendants, and each of them, and for the following further relief:

1. Entry of an order and judgment requiring that Defendants and their agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from (a) using in any manner the SHE THE PEOPLE mark, or any name, mark or domain name that is confusingly similar to or a colorable imitation of the SHE THE PEOPLE mark; and (b) any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of SHE THE PEOPLE products or services, as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between Allison and Defendants;

2. A judgment ordering Defendants to engage in appropriate corrective advertising;

3. An award of damages pursuant to 15 U.S.C. §1117, including, but not limited to, costs, attorneys' fees and prejudgment interest, in an amount to be determined;

4. A judgment for enhanced damages under 15 U.S.C. §1117 and punitive damages under state law as appropriate;

5. A judgment ordering Tyler Vision to take all steps necessary to expressly abandon or cancel any trademark application or registration it may have in the U.S. for the SHE THE PEOPLE mark, and an order compelling the Commissioner of Trademarks to deny U.S. Trademark Application Serial No. 98775803;

6. for pre- and post-judgment interest on all awards for which they are available;

7. for preliminary and permanent injunctive relief prohibiting all defendants, their officers, agents, successors, and assigns, and all persons acting in concert with them, from further acts of direct or indirect trademark infringement;

8. for such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues qualifying for one.

RESPECTFULLY SUBMITTED,

DATED: May 19, 2025                SHADES OF GRAY LAW GROUP, P.C.


By:    /s/ *Naomi Jane Gray*
              Naomi Jane Gray

Attorneys for Plaintiff
AIMEE ALLISON