UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04476-RGK-JPR | Date | September 16, 2025 |
|---|---|---|---|
| Title | *Aimee Allison v. Terri J. Vaughn et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [39]

## I.  INTRODUCTION

On May 19, 2025, Aimee Allison ("Plaintiff") filed a complaint alleging claims (Claims 1-5) for trademark infringement under both federal and state statutes against Terri Vaughn ("Vaughn"), Tyler Vision LLC, and Netflix. On July 28, 2025, Plaintiff amended her complaint to add two additional claims (Claims 6-7) and a new defendant. The two additional claims, which are related to the same trademark, are breach of contract and breach of the implied covenant of good faith, alleged against Vaughn and new defendant, Nina Holiday Entertainment ("NHE").

On August 11, 2025, Vaughn filed a Motion to Dismiss for lack of personal jurisdiction on all claims and for failure to state a claim on Claims 6-7. For the following reasons, the Court **DENIES** Vaughn's Motion to Dismiss for lack of personal jurisdiction on all claims, **GRANTS** Vaughn's Motion to Dismiss for failure to state a claim for CLAIMS 6-7, and orders Plaintiff to **show cause in writing** why the claims against NHE should not also be dismissed for failure to state a claim.

## II.  FACTUAL BACKGROUND

Plaintiff owns and maintains the trademark "SHE THE PEOPLE," ("Trademark"), which she used to found and run a political organization focused on discussing and uplifting women of color in politics.

Vaughn is a prominent actress who co-founded the production company NHE to elevate TV and film projects that center on women of color. Plaintiff began working with Vaughn and NHE in 2019 to produce a documentary about women of color in politics titled, "She the People," ("Project"), which was never finished due to the COVID-19 pandemic. Plaintiff did not enter a written contract with Vaughn or NHE at the beginning of the business relationship, but when the production ceased, Plaintiff entered a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04476-RGK-JPR | Date | September 16, 2025 |
|---|---|---|---|
| Title | *Aimee Allison v. Terri J. Vaughn et al* | | |

contract with NHE granting to Plaintiff, among other things, the rights to all elements and materials of the Project ("Agreement").

Plaintiff alleges that her Trademark was infringed several years later when Defendants released a TV show that was briefly named "She the People," ("Series").[1] Vaughn is the creator, lead actor, and executive producer of the Series. Plaintiff also alleges that Vaughn and NHE, as alter egos of each other, breached the terms of the Agreement by using the Trademark in the Series.

### III.  JUDICIAL STANDARD

#### A.  Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, the Court "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995); *see also Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1997); *see also Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

#### B.  Failure to State a Claim

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id*. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

[1] Plaintiff alleges another earlier infringement in the creation of a "TV Movie," which she claims was a pilot for the Series. For the purposes of this motion, both the TV Movie and TV show will be referred to as the "Series."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04476-RGK-JPR | Date | September 16, 2025 |
|---|---|---|---|
| Title | *Aimee Allison v. Terri J. Vaughn et al* | | |

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV.   DISCUSSION

Vaughn argues all claims against her should be dismissed because Plaintiff has not demonstrated this Court has personal jurisdiction over her in California. Additionally, Vaughn argues Plaintiff has failed to state a claim for breach of contract or breach of the implied covenant against her because she was not a party to the contract and cannot be bound by its terms.

### A.  **Personal Jurisdiction**

Personal jurisdiction typically stems from either general jurisdiction or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). The parties do not dispute that the Court has no general jurisdiction over Vaughn, as she is domiciled in Georgia. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Instead, Plaintiff contends that the Court has specific jurisdiction over Vaughn.

The Court can exercise specific jurisdiction when the defendant has sufficient "minimum contacts" with the forum state which arise from, or relate to, the plaintiff's claims. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Each defendant's contacts with the forum State must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 790 (1984.) With respect to minimum contacts, courts conduct a three-prong test to determine whether the exercise of specific jurisdiction over a non-resident defendant comports with federal due process:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of, or relates to, the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04476-RGK-JPR | Date | September 16, 2025 |
|---|---|---|---|
| Title | *Aimee Allison v. Terri J. Vaughn et al* | | |

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff succeeds in satisfying both prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

Defendant challenges all three prongs, and the Court addresses each in turn.

1. *Purposeful Direction*

Courts generally apply the "purposeful direction" test in claims arising from intentional tort. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021). Because trademark infringement is treated as a tort for determining personal jurisdiction, the purposeful direction test applies. *Id.* A determination of "purposeful direction" requires the defendant to have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803.

Vaughn does not contest the first and third elements. The only issue here is the second element—whether Defendant's acts were "expressly aimed" at California. Plaintiff argues in the affirmative, on the ground that Vaughn knew Plaintiff resides in California.

In opposition, Vaughn relies on *Walden v. Fiore*. In *Walden*, DEA agents improperly seized the plaintiffs' finances at an airport in Atlanta, Georgia. *Walden v. Fiore*, 571 U.S. 277, 279–280 (2014). At the time of the seizure, the DEA agents knew that plaintiffs were Nevada citizens who were returning to Nevada. Based on the facts, the Court held that the Nevada District Court had no personal jurisdiction over the agents. In its reasoning, the Court stated that jurisdiction "must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.* at 284. Standing alone, a defendant's conduct toward the plaintiff is an insufficient basis for jurisdiction. *See id.* at 286. Using the *Walden* holding, Vaughn argues there is no purposeful direction because "[e]xpress aiming requires more than the defendant's awareness that the plaintiff . . . resides in or has strong ties to the forum." (Def.'s Mot. Dismiss 9:7–10, Dkt. No. 39) (emphasis removed).

Vaugn's reliance on *Walden* is misplaced. The Ninth Circuit recently clarified that *Walden*'s holding is commonly taken out of context, as Vaughn does here. *See Briskin v. Shopify, Inc.*, 135 F.4th 739, 759 (9th Cir. 2025). The *Briskin* court explains "that *Walden*'s language—that a defendant must have contacts 'with the forum State itself' . . . does not mean that 'contacts with a forum's residents, who are in the forum at the time of the contacts, are irrelevant for jurisdictional purposes, because in *Walden* **none** of the parties were in the forum when the operative events transpired.'" *Id.* (emphasis in original). As pointed out by the *Briskin* court, contact with a forum resident outside the forum is significantly different than contact with a dorum resident inside the forum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04476-RGK-JPR | Date | September 16, 2025 |
|---|---|---|---|
| Title | *Aimee Allison v. Terri J. Vaughn et al* | | |

As alleged here, Vaughn knew that Plaintiff owned the Trademark and intentionally infringed the Trademark by creating the Series and participating in its distribution. (FAC ¶ 34, 35, 60, 96, 98, Dkt. No. 29.) Vaughn also knew that Plaintiff was a California citizen, residing in California at the time of the infringement. (Def.'s Mot. Dismiss Ex. A at 1, Dkt. No. 29; FAC ¶ 39.) Together, these facts establish that Vaughn knew or should have known that any harm to Plaintiff that resulted from Vaughn's intentional acts would be suffered in California. Therefore, the effects caused by Vaughn's alleged infringement—*i.e.,* the injury to Plaintiff's trademark and reputation, especially within California—connects Vaughn's conduct to *California,* not just to a plaintiff who happens to reside in California. *Walden*, 571, U.S. at 288 (describing the holding of *Calder*). Because Plaintiff resided in California for the duration of the allegedly tortuous acts (unlike in *Walden* where none of the parties were in the forum), the Court finds that Vaughn purposely directed her activities toward California, and Plaintiff satisfies the purposeful direction prong.

2. *Relatedness*

Using the same reliance on *Walden*, Vaughn next argues that Plaintiff's claims do not arise out of or relate to any forum-related contacts. A plaintiff's injury arises from a defendant's forum contacts if "a direct nexus exists between a defendant's contacts [with the forum state] and the cause of action." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 505 (9th Cir. 2023) (cleaned up). As discussed above, Vaughn's alleged infringement constitutes a forum-related activity. Because the alleged infringement is the basis for Plaintiff's claims against Vaughn, there is a direct nexus, and the relatedness prong is satisfied.

3. *Reasonableness*

Vaughn last argues that exercising specific jurisdiction would not be reasonable.

To evaluate reasonableness, [courts] use a seven-factor balancing test that weighs: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 607 (9th Cir. 2018).

Here, the balance of factors favors Plaintiff. As discussed above, Vaughn directed her actions toward California, thereby purposefully interjecting into California's affairs. As to Vaughn's burden of defending in California, Vaughn asserts only that litigating in California would impose an undue burden on her but fails to elaborate further. She does not demonstrate an "inconvenience [] so great as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04476-RGK-JPR | Date | September 16, 2025 |
|---|---|---|---|
| Title | *Aimee Allison v. Terri J. Vaughn et al* | | |

constitute a deprivation of due process. . . ." *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991). Furthermore, there is no conflict with sovereignty; California has an interest in providing a forum for its residents to protect their intellectual property; California is the most efficient forum for Plaintiff to seek relief because two other named defendants are California citizens and California law is the basis of claims 4 and 5; and California is an important forum to Plaintiff's interest for the same reason. While Georgia, where Vaughn resides and where the show was produced, is an alternative forum, the balance of factors weighs heavily in favor of California, and Vaughn has failed to show that exercising personal jurisdiction in California would be unreasonable. Thus, Vaughn fails to satisfy her burden as to the third prong.

Accordingly, the Court finds that Vaughn had sufficient minimum contacts with California, and **DENIES** her Motion to Dismiss for lack of personal jurisdiction.

### B. Failure to State a Claim (Claims 6 and 7)

Plaintiff alleges two claims against Vaughn and NHE for breach of contract and breach of the implied covenant of good faith (Claims 6 and 7). In 2020, after work on the project concluded, Plaintiff and NHE (but not Vaughn), entered an agreement that, among other things, granted Plaintiff the rights to all elements and materials, allegedly including the Trademark. Plaintiff alleges that NHE and Vaughn should be treated as one and the same through an "alter ego" theory. Therefore, Vaughn is bound by the agreement that NHE signed and liable for breach of the agreement through her alleged infringement.

1. *NHE*

As an initial matter, NHE has not joined in this motion. However, a district court has the power sua sponte to dismiss a complaint for failure to state a claim so long as it is patently obvious the plaintiff could not prevail based on the facts alleged in their complaint, such as when recovery under the statute is not possible or the plaintiff failed to plead an element to the claim. *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). A court doing so must give notice of its intention and afford plaintiffs "an opportunity to at least submit a written memorandum in opposition to such motion. *Id*.

As alleged, the only conduct giving rise to the breach of contract claims is Vaughn's creation of the Series, which infringed on Plaintiff's trademark. (FAC ¶ 127, 132). Plaintiff's allegations do not implicate NHE in any way. Because Plaintiff fails to allege any non-conclusory facts regarding NHE's alleged breach, it appears that the First Amended Complaint fails to state a claim against NHE.

Accordingly, the Court orders Plaintiff to show cause in writing why the claims against NHE should not be dismissed for failure to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04476-RGK-JPR | Date | September 16, 2025 |
|---|---|---|---|
| Title | *Aimee Allison v. Terri J. Vaughn et al* | | |

2. *Vaughn*

Plaintiff does not dispute that only NHE signed the Agreement. Rather, Plaintiff asserts that Vaughn is liable for the breach through an alter ego theory. Vaughn argues that Plaintiff has not alleged sufficient facts that, if true, establish NHE as Vaughn's alter ego. The Court agrees.

The general rule is that a corporation is a separate entity "from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 538 (2000). However, the alter ego doctrine allows courts to disregard a corporate identity, or "pierce the corporate veil," to impute liability or personal jurisdiction from one identity to the other. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071 (9th Cir. 2015). There is no litmus test to determine when the corporate veil will be pierced, merely two general requirements: (1) there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) if the acts are treated as those of the corporation alone, an inequitable result will follow. *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985) (internal quotations omitted). Disregarding the corporate entity is an extreme remedy and courts will do so only in exceptional circumstances. *Sonora Diamond Corp.*, 83 Cal. App. 4th at 539.

In her opposition, Plaintiff describes the allegations that establish NHE as Vaughn's alter ego: (1) NHE was paid for Vaughn's services, (FAC at ¶¶31-32, 37-38); (2) Vaughn engaged in business with Plaintiff without the contract, (FAC at ¶31); and (3) Vaughn is the owner, CEO, and COO of NHE. (FAC at ¶¶10, 31). These facts do not give rise to the unity of interests the courts look to when piercing the veil. Firstly, "[c]ommon ownership alone is insufficient to support disregard of the corporate form." *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294 (9th Cir. 1997). Secondly, the additional allegations do not describe a deeper unity that would justify the "extreme remedy" of treating NHE and Vaughn as one and the same. Plaintiff does not allege any commingling of funds and assets, holding of debts, lack of segregation of corporate records, etc. *See Sonora Diamond Corp.*, 83 Cal. App. 4th at 539. Since Plaintiff did not sufficiently plead the unity of interest requirement, the second factor regarding inequity need not be addressed. Because the Agreement is between Plaintiff and NHE, and there are insufficient facts to pierce the corporate veil, Vaughn cannot be bound by the terms of the Agreement. Thus, the Court finds that the First Amended Complaint fails to state a claim for breach of contract and breach of the implied covenant against Vaughn.

Accordingly, the Court **DISMISSES** Claims 6 and 7 against Vaughn **without prejudice**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-04476-RGK-JPR | Date | September 16, 2025 |
|---|---|---|---|
| Title | *Aimee Allison v. Terri J. Vaughn et al* | | |

### V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Vaughn's Motion to Dismiss for lack of personal jurisdiction, **GRANTS without prejudice** Vaughn's Motion to Dismiss for failure to state a claim in CLAIMS 6-7, and orders Plaintiff to **show cause in writing** why the claims against NHE should not be dismissed for failure to state a claim. Plaintiff's response shall be no more than **7 pages** and filed no later than **7 days** from the date this order is entered.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/vc |